BARHAM, Justice.
The defendant was convicted after a jury trial of second degree murder, a violation of La.R.S. 14:30.1, and was sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence for a period of twenty years. Upon this appeal he assigns one error and urges a reversal of his • conviction and sentence. Because an examination of the record reveals that defendant’s complaint lacks merit, we affirm the conviction and sentence.
The defendant, an Angola inmate at the time of the commission of the crime charged, was prosecuted for taking the life of another inmate. At the close of the State’s evidence which recounted the stabbing incident, the defendant moved for a directed verdict of acquittal, arguing that the State had failed to prove that he was the person responsible for the killing. After argument by the defendant and the State out of the jury’s presence, during which each side presented its interpretation of the State’s evidence, the trial court denied the defendant’s motion and the defendant noted his objection.
In brief, the defendant argues that there was a total lack of evidence which would support a conviction. The State argues that a review of the transcript reveals abundant evidence upon which a valid conviction could be based. If our review of the transcript revealed a total lack of evidence to prove the crime or an element essential to defendant’s conviction, we would be constrained to reverse the defendant’s conviction and sentence. See, e. g., State v. Douglas, 278 So.2d 485 (La.1973).
We have carefully reviewed the entire transcript of the State’s evidence and found that there was ample evidence to justify the denial of a directed verdict motion. A correctional officer at Angola testified that he saw the defendant, along with another, stabbing the victim. The coroner testified that the victim died as the result of a stab wound in the chest which pierced the heart. A chain of custody of the knife introduced into evidence at the trial was adequately established; the knife was shown to have sufficient connexity to *738 the stabbing to warrant admission of the. weapon, thereby relegating to the jury the duty of ascribing the proper weight to that particular piece of evidence.
For the reasons stated above, we affirm the defendant’s conviction and sentence.
SUMMERS, J., concurs.